**Sol KANTOR, Plaintiff,**

v.

**COMET PRESS BOOKS CORP., a body corporate of the State of New York, Defendant.**

United States District Court
S. D. New York.

Sept. 23, 1960.

**322**

Sol Kantor, Perth Amboy, N. J., pro se.

Levine & Berman, New York City, for defendant. Murray Levine, Arthur G. Nadel, Philip Warshaw, New York City, of counsel.

METZNER, District Judge.

Plaintiff instituted an action to recover damages for fraud arising out of a "publishing contract" into which the plaintiff-author claims he was induced to enter by the defendant-publisher's misrepresentation. Plaintiff seeks $50,000 compensatory damages and $25,000 punitive damages. Defendant has moved for summary judgment pursuant to F.R.Civ. Proc. rule 56, 28 U.S.C.A., on the ground that the amount in controversy does not amount to $10,000.

■ Summary judgment is not the proper procedure to raise the question of the court's jurisdiction. 6 Moore's Federal Practice, 2d Ed., p. 2025 et seq.; Jones v. Brush, 9 Cir., 1944, 143 F.2d 733; Williams v. Minnesota Mining & Mfg. Co., D.C.S.D.Cal.1953, 14 F.R.D. 1.

Rule 12(h) provides that a party waives all defenses and objection if he has not raised such objection either by motion before answer or in his answer except:

"(2) that, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

The court will construe this motion for summary judgment as a "suggestion" provided for by F.R. 12(h)(2).

■ While the amount claimed by the plaintiff in his prayer for relief is prima facie sufficient to sustain the complaint, the allegation of jurisdiction may be attacked, and the burden of proof always rests upon the party asserting existence of jurisdiction. McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; KVOS, Inc. v. Associated Press, 1936, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183; Gibbs v. Buck, 1939, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111.

■ There is no statutory direction as to the procedure to be followed in determining whether the prerequisites to jurisdiction exist. The manner in which such a determination should be made is left to the trial court. Gibbs v. Buck, supra. The issue may be determined by affidavits. Williams v. Minnesota Mining & Mfg. Co., supra; Wetmore v. Rymer, 1898, 169 U.S. 115, 18 S.Ct. 293, 42 L.Ed. 682; McNutt v. General Motors Acceptance Corp., supra. Or the court may determine the issue by oral testimony and other evidence. Gilbert v. David, 1915, 235 U.S. 561, 568, 35 S.Ct. 164, 59 L.Ed. 360. The court must be on guard against deciding the jurisdictional issue without at the same time having its determination constitute a ruling on the merits. Williams v. Minnesota Mining & Mfg. Co., supra; Fireman's Fund Insurance Co. v. Railway Express Agency, Inc., 6 Cir., 1958, 253 F.2d 780; Land v. Dollar, 1947, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209.

■ On this motion plaintiff has proffered his opposition based on the theory that summary judgment is applicable and that "genuine issue as to any material fact" is the measuring rod by which the motion should be determined. As indicated in the Williams case, supra, a different basis is used on motions to determine jurisdictional amount. The determination to be arrived at is whether it appears as a matter of legal certainty that the plaintiff could not recover the amount claimed. Fireman's Fund Insurance Co. v. Railway Express Agency,

Inc., supra. On the present record before the court, the plaintiff has failed to sustain his burden of proof. Certainly from all that appears from the affidavits and the depositions, the amount in controversy does not amount to $10,000.

As guidance for the plaintiff in submitting additional affidavits, it should be borne in mind that damages are not recoverable in this type of action for loss of profits, physical pain and mental anguish or punitive damages. Toho Bussan Kaisha, Ltd. v. American President Lines, Ltd., 2 Cir., 1959, 265 F.2d 418.

The ultimate determination of this motion and the companion motions to vacate plaintiff's demand for interrogatories and plaintiff's cross-motion to strike portions of the defendant's answer are held in abeyance for 30 days, during which time plaintiff shall serve and file additional affidavits on the question of damages.

So ordered.