The **NATIONAL COUNCIL ON THE FACTS OF OVERPOPULA- TION**, Plaintiff,

v.

**Mortimer M. CAPLIN**, Commissioner of Internal Revenue, Defendant.

**Civ. A. No. 600–63.**

United States District Court District of Columbia.

Nov. 27, 1963.

Hal Witt, Washington, D. C., A. Lincoln Green, Alexandria, Va., for plaintiff.

Louis F. Oberdorfer, Asst. Atty. Gen., Tax Division, Fred B. Ugast, Chief, Gen. Litigation Section, Tax Div., Wallace E. Maloney, Trial Atty., Washington, D. C., for defendant.

SIRICA, District Judge.

This action challenges the constitutionality of § 501(c) (3) of the Internal Revenue Code of 1954, 26 U.S.C. § 501(c) (3).

The code provision in question gives tax-exempt status to certain non-profit organizations, provided that "no substantial part of * * * [their] activities * * * is carrying on propaganda, or otherwise attempting, to influence legislation."

Describing itself as a non-profit educational organization, plaintiff readily admits that seventy-five per cent of its total activity is concerned with the influence of legislation and is willing to concede that it is not entitled to any exemption under this Code provision as it is written. Plaintiff therefore has not asked for any such exemption. Instead, it attacks § 501(c) (3) on the grounds that it "abridges plaintiff's rights of freedom of speech, press, and petition, and deprives plaintiff of property without due process of law." The code is also characterized as "discriminatory," because other types of non-profit groups (such as chambers of commerce, boards of trade, etc. mentioned in § 501(c) (6)) are allowed to enjoy tax exemption and are still permitted to lobby.

Plaintiff contends that the Commissioner's power to control tax exemption by his interpretation of the statutory words "substantial" and "propaganda" constitutes a power to censor the expression of ideas.

The irreparable injury claimed is that resulting from the alleged restraint of plaintiff's fund-raising activities by the implied threat of taxation.

Plaintiff has asked that a three-judge court be convened to consider the constitutionality of § 501(c) (3).

Defendant has pointed out that actions for a declaratory judgment and injunction in a case of this type are prohibited by 26 U.S.C. § 7421(a) and 28 U.S.C. § 2201. Because of these statutory restrictions of jurisdiction, defendant maintains that no court can grant the relief request-

ed by plaintiff and moves that the Court dismiss this action without reaching the constitutional question.

██ The Court agrees with defendant that it lacks jurisdiction to grant the relief requested, and it also agrees that the Court, without first considering the question of convening a three-judge court, has the power to dismiss on jurisdictional grounds. "[T]he provision requiring the presence of a court of three judges necessarily assumes that the District Court has jurisdiction." Ex Parte Poresky, 290 U.S. 30, 31, 54 S.Ct. 3, 4, 78 L.Ed. 152, 153 (1933).

██ Plaintiff has argued that the statutory procedure for convening a three-judge court does not authorize this Court to grant a motion to dismiss on jurisdictional grounds. This reasoning stems from what appears to be a misunderstanding of 28 U.S.C. § 2284(5), which section becomes applicable only after a three-judge court has been properly convened. Eastern States Petroleum Corporation v. Rogers, 108 U.S.App.D.C. 63, 280 F.2d 611 (1960) cert. denied 364 U.S. 891, 81 S.Ct. 222, 5 L.Ed.2d 187 (1960).

A further contention of plaintiff is that 26 U.S.C. § 7421(a) doesn't apply yet, since no assessment or collection has been made. Although this argument raises some serious questions as to the prematurity of plaintiff's action and the speculative nature of its alleged injury, the Court feels that these problems need not be faced. The Court cannot agree that the immunity of a tax assessment from court-imposed restraint has anything to do with the timing of that restraint.

██ The question then, put in what hopefully is its simplest form, is this: When a suit is brought requesting the convening of a three-judge court to decide a constitutional question, can a single judge dismiss for lack of jurisdiction without ever reaching the issue of whether a substantial constitutional question exists?

This Court believes that a single judge can dismiss in such a situation, and the same is hereby ordered. Counsel for defendant will submit an appropriate order.