St. Clair E. **MILLER**, Plaintiff,

v.

The **NATIONAL MARITIME UNION** and **Louis Parise**, the Port Agent of the National Maritime Union and **Dr. Burden**, the Examining Physician for the National Maritime Union, Defendants.

**Civ. A. No. 41749.**

United States District Court
E. D. Pennsylvania.

Oct. 19, 1967.

As Amended Nov. 14, 1967.

St. Clair E. Miller, pro se.

Joseph Weiner, Philadelphia, Pa., for defendants National Maritime Union and Louis Parise.

Robert K. Wood, Philadelphia, Pa., for defendant Dr. George Burden.

## MEMORANDUM OPINION

WEINER, District Judge.

Plaintiff Miller originally brought suit against co-defendants herein, asking that

they show cause why he should not be employed on the S.S. Texaco Nebraska, as was, plaintiff alleged, part of his "constitutional right to work as a United States merchant seaman aboard United States merchant ships."

■ Plaintiff complained in particular about the "pre-sign-on" physical given him on December 16, 1966 by defendant Dr. Burden, the physician for Texaco, Inc. This examination plaintiff failed because of alleged hypertension, albumen and sugar in the urine, irregular pulse and enlargement of the heart. Plaintiff moved for summary judgment, and defendants did likewise. The case is now before this court on these respective motions, which may be granted for either party or parties if there is "no genuine issue as to any material fact" and one of the moving sides shows that it is entitled to judgment as a matter of law, Fed.R.Civ.P. 56(c).

Because there appears no basis for jurisdiction of this court over the present controversy, however, we do not reach this question, but must dismiss the complaint for lack of subject matter jurisdiction on our own motion, Fed.R.Civ.P. 12(h) (3). Dismissal, rather than the granting of defendants' motion for summary judgment, is the proper disposition where this court lacks jurisdiction to decide on whether defendants would be "entitled to a judg-

ment as a matter of law." This is true, no matter how clearly plaintiff's claim may lack substantive merit.

■ Plaintiff Miller appears pro se and in forma pauperis, pursuant to 28 U.S.C. sec. 1915(a). In his self-styled "affidavit and motion" plaintiff appears to misread 28 U.S.C. sec. 1916 (Seamen's suits) as a jurisdictional grant. Contained in Chapter 123 of Title 28, dealing with "Fees and Costs", sec. 1916, though ambiguously worded, merely entitles seamen to prosecute actions in Federal court "without prepaying fees or costs or furnishing security therefor," where jurisdiction is otherwise secured. Moreover, where plaintiff was not employed by any of the defendants—or, for that matter, by anyone connected with this controversy—at the time of the incident complained of, and was hence not suing for the statutory causes of "wages or salvage or the enforcement of laws enacted for [his] health or safety," it is open to question whether he would even be entitled to exemption from court costs under the terms of 28 U.S.C. sec. 1916.

## ORDER

And now, October 19, 1967, the complaint of plaintiff St. Clair E. Miller is hereby Dismissed for lack of jurisdiction over the subject matter.

It is so ordered.