**SAFEGUARD MUTUAL INSUR-
ANCE CO.**

v.

**COMMONWEALTH OF PENNSYLVA-
NIA ex rel. David O. MAXWELL,
Insurance Commissioner.**

**Civ. A. No. 42510.**

United States District Court,
E. D. Pennsylvania.

June 5, 1970.

Malcolm W. Berkowitz, Malcolm H. Waldron, Jr., Philadelphia, Pa., for plaintiff.

Frederick G. Antoun, George F. Reed, Dept. of Justice, Harrisburg, Pa., for defendants.

Before FREEDMAN, Circuit Judge, and LORD and FULLAM, District Judges.

## OPINION OF THE COURT

PER CURIAM.

On April 12, 1967, the Insurance Commissioner of Pennsylvania, acting under § 502 of the Insurance Department Act of 1921 as amended [1] ordered the suspension of Safeguard Mutual Insurance Company and applied to the Common Pleas Court of Dauphin County for liquidation of the company. In the same proceeding the company filed a petition to vacate the suspension order.[2]

While the state court action was pending, the company brought the present action claiming that § 502 violates its right to due process under the Fourteenth Amendment because it authorizes the Insurance Commissioner to suspend the company's business without advance notice or hearing, is void for vagueness, and constitutes an unlawful delegation of power to the Insurance Commissioner. This three-judge court was accordingly constituted.

On May 31, 1967, we entered an order staying proceedings in this case "until the final determination of the proceedings" in the Common Pleas Court of Dauphin County, considering that such an important question involving state regulation of insurance should preferably be decided by the courts of the state which adopted the statute, in the proceeding then pending, in which factual elements might play an important role. Unfortunately, it has taken three years for the decision of the case in the trial court. The history of the litigation in the state court and related actions in the Supreme Court of Pennsylvania and the Supreme Court of the United States is complex and its recital is not necessary at this time.

In any event, the proceedings in the Common Pleas Court of Dauphin County were concluded by a nisi order entered September 25, 1969,[3] and the dismissal of exceptions thereto on April 14, 1970. The Common Pleas Court denied the Commonwealth's petition for the appointment of a statutory liquidator and granted the company's petition to vacate the suspension order.

The decision, however, has not brought complete satisfaction to the company, first because it is still subject to appeal and also because the company claims that it was based on factual issues and did not decide the constitutional validity of § 502. It is agreed that the time for appeal is not yet expired and the Commonwealth stated at bar that it has not yet decided whether it will appeal because it is still studying the very detailed and voluminous opinion and findings of fact and conclusions of law of the Common Pleas Court.

During the course of these proceedings in the state court, the plaintiff, dissatisfied with the delay in the state court, has sought from time to time to have us dissolve our stay order. This we have refused to do in the early applications because of the paramount desirability of a state court decision, at least preliminarily, and later because of the apparent imminence of the state court decision. The present motion adds an

---

1. 40 Purdon's Pa.Stat.Annot. § 202.

2. Commonwealth of Pennsylvania ex rel. Maxwell, Insurance Commissioner v. Safeguard Mutual Insurance Co., 91 Dauph. 305.

3. Commonwealth v. Safeguard Mutual Insurance Co., 48 Pa.Dist. & Co.R.2d 245 (Dauphin County 1969).

additional element. In paragraph 5 of its motion to dissolve the stay order the company avers that examiners of the Insurance Department are in the company's office conducting an examination "for the sole purpose of inventing a new set of false charges so that it can again suspend the Company in violation of the Constitution of the United States by purportedly acting under the statute which is contested as unconstitutional in the instant matter." The Commonwealth's reply admits that its examiners are presently conducting an examination of the company which it claims is required by law and denies the remaining allegations of the company's averment. We were told at bar that the examiners are demanding the production of the company's books and records with a threat of suspension and liquidation, and that this would be all the more unjust because it is as a result of the suspension order and its protraction over the long period of the pendency of the Dauphin County proceeding that the company's books and records have fallen into confusion and it has been made difficult for it to satisfy the demands of the Insurance Commissioner's representatives.

It is clear from what we have described that the long drawn out litigation which formed the basis of the complaint and which resulted in the constitution of this three-judge court is at last drawing to a conclusion. Either the decree of the Common Pleas Court will soon become final by the expiration of the time for appeal, or if an appeal is taken the case will proceed into its ultimate appellate stage in the state courts. Although as the record now stands the company has been freed of the suspension order and the threat of liquidation, it is still subject to the possibility of a reversal by the Pennsylvania appellate courts, which also may find it necessary to decide the constitutional issue.

In these circumstances, we believe it appropriate that our stay order entered because of the pendency of the state court proceedings should continue un-

changed. The constitutional issue remains the same even under the new factual claim made in the motion to dissolve the stay order. Therefore, we need not now determine the status of the new factual claim under the three-judge court statute. It also follows that the Commonwealth's application that the action be dismissed as moot should be denied.