## SAFEGUARD MUTUAL INSURANCE CO.
### v.
## COMMONWEALTH OF PENNSYLVANIA ex rel. David O. MAXWELL, Insurance Commissioner.

### Civ. A. No. 42510.

United States District Court,
E. D. Pennsylvania.

June 30, 1970.

Malcolm W. Berkowitz, Philadelphia, Pa., Malcolm H. Waldron, Jr., Philadelphia, Pa., for plaintiff.

Frederick G. Antoun, Deputy Atty. Gen., Harrisburg, Pa., George F. Reed, Harrisburg, Pa., for defendant.

Before FREEDMAN, Circuit Judge, LORD, Chief District Judge and FULLAM, District Judge.

## OPINION OF THE COURT

PER CURIAM.

On April 12, 1967, the Insurance Commissioner of Pennsylvania, acting pursuant to § 502 of the Insurance Department Act of 1921, as amended,[1] ordered the suspension of Safeguard Mutual Insurance Company and applied to the Common Pleas Court of Dauphin County for liquidation of the company. While the state court action was pending, the company brought the present action challenging the constitutionality of § 502 under the due process clause of the Fourteenth Amendment. This three-judge court was accordingly constituted.

On May 31, 1967, we entered an order staying proceedings in this case "until the final determination of the proceedings" in the state court. The Common Pleas Court on September 25, 1969, entered a nisi order in which it denied the Commonwealth's petition for the appointment of a statutory liquidator and granted the company's petition to vacate the suspension order. Commonwealth ex rel. Maxwell v. Safeguard Mutual Insurance Co., 91 Dauph. 305 (1969). Numerous exceptions were filed, which the court dismissed on April 14, 1970, 92 Dauph. 307. It did not rule on the constitutionality of the statute since it granted relief on factual grounds, and its decision is still subject to appeal.

Plaintiff has already filed five unsuccessful motions to dissolve our stay order, the last of which we denied on June 5, 1970.[2] At that time, we noted that the factual basis of the original complaint had been resolved in the company's favor and although the decision was subject to appeal by the Commonwealth, the possibility of reversal on appeal was not an adequate basis for the termination of our stay order. We also noted the company's added claim that the Insurance Commissioner was conducting a new examination of its business, which the Commissioner claimed was a regular one, but we pointed out that the Pennsylvania appellate courts might yet reach the issue of the constitutionality of the statute, so that our stay order remained appropriate.

Plaintiff has now filed a sixth motion to dissolve the stay order. The only changed circumstances since our last ruling are the company's allegations that the Insurance Commissioner has directed it anew not to transact any insurance business and has informed prospective brokers and agents that it is not authorized to write business despite the lifting of the earlier suspension order. The company asserts that the action of the Insurance Commissioner is in bad faith and furthermore that the action was taken pursuant to an unconstitutional state statute, presumably § 502.

■■ We do not deem it appropriate to dissolve our stay order at this time. The remedy for any illegal or malicious action by the Insurance Commissioner lies in a suit in the state courts or before a single district court judge. The attack on § 502 based upon the new factual allegations may support a new three-judge court proceeding, but does not render appropriate the dissolution of our stay order.

The plaintiff's sixth motion to dissolve the stay order will be denied.

1. 40 Purdon's Pa.Stat.Annot. § 202.

2. Safeguard Mutual Insurance Co. v. Commonwealth of Pennsylvania ex rel. Maxwell, Insurance Commissioner, 313 F. Supp. 888 (E.D.Pa.1970).