**SAFEGUARD MUTUAL INSURANCE COMPANY**

v.

**COMMONWEALTH OF PENNSYLVANIA and Herbert S. Denenberg, Insurance Commissioner.**

Civ. A. No. 70–1969.

United States District Court, E. D. Pennsylvania.

March 8, 1974.

See also D.C., 329 F.Supp. 315; D. C., 53 F.R.D 116.

Malcolm H. Waldron, Jr., Philadelphia, Pa., for plaintiff.

David M. Narrow, Barton Isenberg, Asst. Attys. Gen., Commonwealth of Pa., for defendants.

## MEMORANDUM AND ORDER

CLIFFORD SCOTT GREEN, District Judge.

### I.

### BACKGROUND

The history and background of the instant litigation is complex by reason of the numerous related actions which Safeguard Mutual Insurance Company, plaintiff herein, has initiated in the State Courts and the Federal Courts for the Eastern District of Pennsylvania and the District of Columbia.[1] A complete narration of all the actions is not necessary. However, a brief discussion of the background of the case is appropriate.

A. The record before us reveals that on April 12, 1967, David O. Maxwell, in his former capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, issued a suspension order pursuant to Section 502 of the Insurance Department Act of May 17, 1921, P.L. 789, as amended (40 Purdon's Statutes § 202), declaring plaintiff Safeguard Mutual Insurance Company, "to be in such condition that its further transaction of business will be hazardous to its policyholders, to its creditors, and to the public," and prohibiting Safeguard from transacting further business "without prior written approval of the Insurance Commissioner of the Commonwealth of Pennsylvania." On the same day, the then Insurance Commissioner filed in the Common Pleas Court of Dauphin County, Pennsylvania, a petition for liquidation of Safeguard. In that suit,

---

1. C.M. Clark Insurance Agency, Inc. and Safeguard Mutual Insurance Company v. Maxwell, 156 U.S.App.D.C. 240, 479 F.2d 1223 (1973).

Commonwealth ex rel. Maxwell v. Safeguard Mutual Insurance Co., 91 Dauph. 305 (1969), Safeguard challenged the constitutionality of the provisions under which it was suspended.

While the State Court action was pending, Safeguard commenced suit in Federal Court on April 14, 1967, challenging the constitutionality of 502, 40 P.S. § 202 under the due process clause of the Fourteenth Amendment. See, Safeguard Mut. Ins. Co. v. Comwlth. of Pa. ex rel. Maxwell, 321 F.Supp. 996 (E.D.Pa.1970). There, plaintiff alleged that the action by then Insurance Commissioner, David O. Maxwell, in issuing the April 12, 1967, suspension order was "illegal, malicious, arbitrary, capricious and an unlawful exercise of the powers of the Insurance Commissioner's office." Plaintiff requested an injunction both pendente lite and perpetual, enjoining the Insurance Commissioner from restraining plaintiff's transaction of business. A three-judge court was convened and, after a hearing, it was ordered on May 31, 1967, that all proceedings in the Federal Court be stayed "until the final determination of the proceedings" in the Common Pleas Court of Dauphin County. The three-judge panel considered that such an important question involving state regulation of insurance should preferably be decided by the Courts of the State which adopted the statute, in the proceeding then pending, in which factual elements might play an important role.

The Common Pleas Court on September 25, 1969, entered a nisi order in which it denied the Commonwealth's petition for the appointment of a statutory liquidator and granted Safeguard's petition to vacate the suspension order. Numerous exceptions were filed, which the Court dismissed on April 14, 1970. It did not rule on the constitutionality of the statute since it granted relief on factual grounds.

Safeguard complains of the delay of the Dauphin County Court in disposing of the case. Judge Swope made this comment in regard to the time required:

"With respect to the specific grounds upon which the Commonwealth relies, this case is one of first impression. The record is more complex and voluminous than those usually brought before this Court. The record of testimony taken at the hearing and comprising approximately *3900* pages, required 35 days or parts of days in its construction. In addition to the notes of testimony, there are a total of 113 exhibits, many of which are lengthy and intricate. . . . The Company filed a 170 page written brief. The Commonwealth also filed a brief which is 86 pages in length. In addition, although concededly at the direction of the Court, the Company submitted 647 Requests for Findings of Fact and 328 Requests for Conclusions of Law, a total of *975* separate requests, each of which must be disposed of separately in this Opinion. The above requests of the Company are encompassed in a document 321 pages in length. To these must also be added the Commonwealth's 96 Requests for Findings of Fact and 33 Requests for Conclusions of Law, or a total of such Requests from both sides numbering more than 1100. The foregoing delineation of the extraordinary proportions of the entire record in this case is set forth not because it will aid materially in the disposition of the issues necessary to our decision. By setting forth these details, we intend merely to illustrate the sheer magnitude of the task which has confronted us. The same consideration prompts us to make reference here, at least in part, to the related proceedings involving C. M. Clark Insurance Agency, Inc. ("Clark"), a corporation closely associated with Safeguard, wherein the Commissioner, prompted by Clark's refusal, sought in an action in equity brought before this Court to enforce his right to examine Clark's books and records as a necessary aspect of the intant proceedings against Safeguard. Likewise for the incidental petition for allowance

of interim counsel fees filed by the attorneys for the Company in the midst of hearing, not yet disposed of, and for the sister actions in the Federal Courts which were begun and pursued both by Clark and the Company and in which they sought immediate disposition by a three judge court of the constitutional issues raised by the Company in the case presently before us.

Additionally, from the inception of this case, Clark has been to the Supreme Court of Pennsylvania once on appeal and Clark and Safeguard each went once to the Federal Courts for injunctive relief during the trial. In addition, Safeguard, since the date of argument, has been to the Supreme Court of Pennsylvania twice and, we are informed, has also returned twice to the Federal Courts in addition to one excursion to the Supreme Court of the United States. We have thus been compelled to attempt deliberation of this extremely lengthy and complicated record while surrounded by a veritable storm of collateral actions which have served us as a persistent source of diversion from the principal task with which we have been confronted, that being, simply stated, to dispose of the matters which have been brought to issue directly before us by appropriate opinion and order.

## FINDINGS OF FACT

We have disposed separately of each of the approximately 750 individual requests for findings which were submitted by the parties. Those actions, specifically granting or denying each request, are contained in a listing which we have designated Schedule "A" and which, in order not to burden this Opinion unnecessarily, will not be set forth in the body hereof but will, instead, be filed together with the Opinion. The above referred to Schedule "A", comprising 32 pages is hereby specifically made a part of this Opinion by reference. For the same reason and also to avoid needless repe-

tition, we incorporate herein, by reference and in their entirety, the Requests for Findings of Fact of each of the parties as heretofore filed and submitted to the Court and which remain of record in this case."

During the course of its 38 page opinion, the Dauphin County Court stated:

"In conclusion, while we are of the opinion that the Commonwealth demonstrated in one instance that Safeguard violated the law, insofar as it issued policies of insurance to its officers without the payment of premiums, it nevertheless failed to establish that the Company's condition was otherwise hazardous. We are further of the opinion that the showing of an unlawful operation engaged in by the Company which involves a merely technical violation of law within circumstances as limited as those here present without the showing of anything more may not properly be taken as a sufficient basis for the Court to order the Company's dissolution and liquidation under the provisions of the insurance laws of this Commonwealth.

*We are satisfied, however, that the Commissioner's action in suspending Safeguard on April 7, 1967 was a prudent one, embarked upon only after a careful examination of such information as was available to him at that time and in the reasonable belief that such action was mandatory upon him in light of the provisions of Section 502 of the statute."* (emphasis added)

91 Dauph. at 341–342.

Several times during the pendency of the State Court action in Dauphin County Court, plaintiff moved unsuccessfully to dissolve the stay order of the three-judge panel. After the decision of the Dauphin County Court, Safeguard, alleging continued misconduct on the part of the Insurance Commissioner, filed a fifth motion to dissolve the stay, which was denied. Safeguard M. I. Co. v. Commonwealth of Pa. ex rel. Maxwell, 313 F.Supp. 888 (E.D.Pa.1970). In de-

nying plaintiff's sixth motion to dissolve the stay, the three-judge panel consisting of the Honorable Judges, Freedman, Circuit Judge, John W. Lord, Chief District Judge, and Fullam, District Judge, in a per curiam opinion, filed June 30, 1970, stated:

"We do not deem it appropriate to dissolve our stay order at this time. The remedy for any illegal or malicious action by the Insurance Commissioner lies in a suit in the state courts or before a single district court judge. The attack on § 502 based upon the new factual allegations may support a new three-judge court proceeding, but does not render appropriate the dissolution of our stay order."

Safeguard Mut. Ins. Co. v. Comwlth. Pa. ex rel. Maxwell, 321 F.Supp. at 997 (E. D.Pa.1970). Subsequently the panel dismissed the action (C.A. 42510) as moot "without prejudice to any other actions presently pending between plaintiffs and the Insurance Department and/or its present or former agents and employees." (See Order dated August 3, 1971).[2]

B. Prior to the aforesaid dismissal, Safeguard commenced the instant suit, C.A. No. 70–1969, on July 17, 1970, against the Commonwealth of Pennsylvania and George F. Reed, then Insurance Commissioner, by filing a "Complaint and Application for Designation of Three-Judge Court under Title 28 U. S.C. Sections 2281 and 2284 and Application for Injunctive Relief." Most of this 36 page pleading concerns circumstances surrounding the suspension order issued on April 12, 1967, by former Insurance Commissioner, David O. Maxwell. For various reasons, plaintiff claims that the action of then Insurance Commissioner, David O. Maxwell, "in issuing the injunction-like suspension order on April 12, 1967, was unconstitutional and in violation of the 14th Amendment of the United States Constitution . . ."

The complaint also sets forth a multiplicity of accusatory assertions concerning the supposed intentions of George F. Reed, who succeeded David O. Maxwell, as Insurance Commissioner. The complaint concludes that all of the conduct of the Insurance Commissioner "hereinabove described in the complaint was initiated, planned and conducted pursuant to an unlawful and unconstitutional modus operandi, scheme, design, conspiracy or misalliance of the former Insurance Commissioner (David O. Maxwell) . . . for the purpose of taking the property, assets and goodwill of the plaintiff from it in violation of the 14th Amendment . . .". Complaint ¶ 50. Plaintiff has also minutely detailed in the first half of its complaint the alleged problems encountered by it in the Dauphin County Court and complains that the action in that court was unconstitutional.

The basic thrust of plaintiff's complaint is that former Insurance Commissioner Reed, through his authorized agents, has unlawfully and maliciously used various provisions of the Insurance Acts in an effort to circumvent the order of the Dauphin County Court that the suspension order be vacated. The complaint expresses a concern that the Insurance Commissioner is preventing plaintiff from resuming and operating its insurance business. Accordingly, plaintiff is essentially seeking to have a three-judge court convened, as well as, inter alia, have the Court issue an injunction restraining defendants from interfering with plaintiff's reinstatement

---

2. On April 7, 1971, Safeguard filed an action in the Commonwealth Court, alleging that the actions of the Commissioner in suspending Safeguard were "malicious, arbitrary, capricious, whimsical, unlawful, and unconstitutional." The Court sustained the demurrer of the Commonwealth of Pennsylvania and the Insurance Department. See, Safeguard Mutual Insurance Company v. Commonwealth of Pennsylvania and Commonwealth of Pennsylvania, Insurance Department, 278 C.D.1971 (Opinion by Judge Rogers, filed February 18, 1972). On appeal, the Supreme Court of Pennsylvania, on May 4, 1973, affirmed per curiam the order of the Commonwealth Court.

to transact the business of insurance. Plaintiff further requests the Court to declare all of the Statutory Regulations of Insurers in Pennsylvania "unconstitutional and/or declare the State's application of said acts to the plaintiff in the instant matter an unconstitutional application thereof . . ." Complaint p. 36.

Defendants moved for dismissal of the instant action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. In support of their motion, defendants advanced various grounds, some of which are essentially as follows:

1. The complaint fails to state a claim against defendants upon which relief can be granted.

2. Improper venue.

3. Failure to follow procedures set forth in 28 U.S.C. § 2284(2).

4. The Eleventh Amendment prohibits suits against the Commonwealth of Pennsylvania.

5. The issues involved in the case are moot.

6. The insurance statutes are constitutional.

7. Plaintiff has an adequate remedy in Commonwealth Court of Pennsylvania and thus the Federal Court should not assume jurisdiction.

On April 28, 1971, the late Chief Judge, John W. Lord, Jr., heard argument on plaintiff's application to have a three-judge court convened pursuant to 28 U.S.C. § 2281 and defendants' motion to dismiss plaintiff's complaint. In an opinion and order dated July 15, 1971, Judge Lord denied plaintiff's request for a three-judge court as well as defendants' motion to dismiss and order that evidence be taken on plaintiff's cause of action on August 9, 1971. However, on July 22, 1971, Judge Lord ordered the August 9, 1971, trial date vacated and ordered the parties to report the status of discovery within 90 days. The record does not indicate the reasons for vacating the trial date, nor does it indicate that the parties reported the status of discovery within the time

as ordered. Shortly after an order of reassignment of case to me on September 15, 1972, as a result of the death of Judge Lord on May 16, 1972, a status conference was held and was attended by counsel for plaintiff and defendants. From the information gleaned from counsel at the conference, it appears that Judge Lord did not proceed with a hearing because plaintiff had in fact been reinstated and was proceeding to operate its business under the insurance laws of Pennsylvania.

C. Defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The principal grounds set forth by defendants in support of their motion may be summarized as follows:

1. The appropriate forum for this action is in the Commonwealth Court of Pennsylvania.

2. Plaintiff seeks extraordinary relief but lays no proper foundation for granting such relief.

3. The case is moot since the controversy upon which plaintiff predicated its action no longer exists.

4. Plaintiff has adequate and equitable remedies in state forums for all the potential wrongs it claims the Insurance Commissioner may inflict upon it in the future.

5. Comity and abstention are applicable to this case, and therefore the Federal Court should refuse jurisdiction and direct plaintiff to pursue its remedies in State Court.

██ In order for this Court to grant summary judgment to defendants pursuant to Rule 56, Fed.R.Civ.P. it must appear that there is no genuine issue as to any material fact to be resolved by the Court and that defendants are entitled to judgment as a matter of law. Season-All Indus., Inc. v. Turkiye Sise Ve Cam Fabrik., A.S., 425 F.2d 34 (3rd Cir. 1970); Janek v. Celebrezze, 336 F.2d 828 (3rd Cir. 1964).

██ Although it appears that defendants would be entitled to summary judg-

ment, we need not now entertain and rule on defendants' motion for summary judgment since a careful review of the record before us reveals that this court lacks jurisdiction.

Defendants had raised objections to the Court's jurisdiction initially in their motion to dismiss which was decided adversely to them by Judge Lord. In their motion for summary judgment now before us, defendants have again suggested grounds which preclude the jurisdiction of this Court. However, we do not believe that a motion for summary judgment is the appropriate procedure to raise questions as to this Court's jurisdiction in the circumstances of the instant case. Jones v. Brush, 143 F.2d 733 (9th Cir. 1944); Miller v. National Maritime Union, 275 F.Supp. 809 (E.D. Pa.1967); Kantor v. Comet Press Books Corp., 187 F.Supp. 321 (S.D.N.Y.1960); Williams v. Minnesota Mining & Mfg. Co., 14 F.R.D. 1 (S.D.Cal.1953). "Dismissal rather than the granting of defendants' motion for summary judgment is the proper disposition where this Court lacks jurisdiction to decide whether defendants would be 'entitled to a judgment as a matter of law'. This is true, no matter how clearly plaintiff's claim may lack substantive merit." Miller v. National Maritime Union, *supra*, 275 F.Supp. at 810.

## II

### LACK OF JURISDICTION

The authority of a judge to reconsider a previous ruling of a prior judge, sitting on the same case in the same Court, is well settled. Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604 (1940); TCF Film Corporation v. Gourley, 240 F.2d 711 (3rd Cir. 1957); Ward v. Louisiana Wild Life and Fisheries Commission, 224 F.Supp. 252 (E.D.La.1963).

We think this principle is particularly sound with respect to ruling on jurisdictional questions. Moreover, when a Federal District Court decides that jurisdiction is lacking, at any time after a suit is brought, it has no authority to proceed further with an adjudication of the issues on their merits; the Court must dismiss the suit.[3] McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Tanzymore v. Bethlehem Steel Corporation, 457 F.2d 1320 (3rd Cir. 1972); Barkhorn v. Adlil Associates, Inc., 345 F.2d 173 (9th Cir. 1965); Bevan v. Columbia Broadcasting System, Inc., 293 F.Supp. 1366 (S.D.N.Y.1968); Twardzik v. Sepauley, 286 F.Supp. 346 (E.D.Pa.1968); Strauss v. International Brother. of Teamsters, Etc., 179 F.Supp. 297 (E.D.Pa.1959).

For reasons hereinafter set forth, we dismiss plaintiff's complaint on the basis that this Court lacks jurisdiction, and on the basis that, even assuming the existence of jurisdiction, plaintiff's action should be dismissed pursuant to principles of abstention and comity.

A. When a suit is brought requesting the convening of a three-judge court to decide a constitutional question, a single district judge, in ruling on a motion to dismiss, may in the first instance determine whether the Court has jurisdiction even to consider the applicability of a three-judge panel or whether the action is precluded for lack of subject matter jurisdiction. California Water Service Co. v. Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323 (1938); Booker v. State of Tennessee Board of Education, 240 F.2d 689 (6th Cir. 1957); "Americans United" Inc. v. Walters, 155 U.S.App.D.C. 284, 477 F.2d 1169 (1973); Gravel v. Laird, 347 F. Supp. 7 (D.D.C.1972). "[T]he provision requiring the presence of a court of three-judges necessarily assumes that the District Court has jurisdiction"; Ex

---

**3.** Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[w]henever it appears by suggestion of the parties or oth- erwise that the Court lacks jurisdiction of the subject matter, the Court shall dismiss the action."

Parte Poresky, 290 U.S. 30, 31, 54 S.Ct. 3, 4, 78 L.Ed. '152, 153 (1933); and if the Court concludes that jurisdiction is lacking, it possesses the authority not only to deny the application for a three-judge court, but also to dismiss the complaint. Lion Manufacturing Corp. v. Kennedy, 117 U.S.App.D.C. 367, 330 F. 2d 833 (1964); Eastern State Petroleum Corp. v. Rogers, 108 U.S.App.D.C. 63, 280 F.2d 611, cert. denied, 364 U.S. 891,. 81 S.Ct. 222, 5 L.Ed.2d 187 (1960); National Council on the Facts of Overpopulation v. Caplen, 224 F.Supp. 313 (D.D. C.1963).

■ Plaintiff has not alleged a jurisdictional statute as a basis for his complaint. However, we recognize that if there is a statement in the complaint sufficient to give the Court jurisdiction, the particular statute conferring jurisdiction need not be specifically pleaded. Vhasis v. Progress Manufacturing Company, 382 F.2d 773 (3rd Cir. 1967); Paynes v. Lee, 377 F.2d 61 (5th Cir. 1967); Uhler v. Commonwealth of Pennsylvania, 321 F.Supp. 490 (E.D.Pa. 1970); See Rule 8(a)(1) of the Federal Rules of Civil Procedure. Plaintiff's allegations may possibly be construed as asserting jurisdiction under Title 28 U. S.C. Sections 1331, 1343(3), (4), 2201, 2202, 2281 and 2284; Title 42 U.S.C. Sections 1981, 1983, and 1985. However, we note that a related action for damages and injunctive relief brought by plaintiff under the Civil Rights Statutes is now pending before another judge in this District Court.[4] Apparently, plaintiff is attempting to assert only federal question jurisdiction in the instant case.

■ B. Plaintiff has named the Commonwealth of Pennsylvania as a party defendant in this case. We must dismiss this action as to the Commonwealth for lack of jurisdiction, for even if plaintiff's complaint alleged a federal question, such an allegation does not in and of itself, divest a state of its immunity under the Eleventh Amendment of the United States Constitution. The Amendment provides as follows:

"The Judicial powers of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

■ Although the Amendment by its terms refers only to suits against a state by citizens of other states, "it is established that an unconsenting State is immune from suits brought in federal courts by its own citizens as well as by citizens of another State." Employees of Dept. of Public Health & Welf. v. Missouri, 411 U.S. 279, 281, 93 S.Ct. 1614, 1616, 36 L.Ed.2d 251 (1973); See, Parden v. Terminal Ry. Co., of Ala. State Docks Dept., 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964); Great Northern Ins. Co. v. Read, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 (1944); Duhne v. New Jersey, 251 U.S. 311, 40 S.Ct. 154, 64 L.Ed. 280 (1920); Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1899). To the extent that the present suit may be based on the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its jurisdictional counterparts, 28 U.S.C. § 1343(3) and (4) we simply note that the Commonwealth of Pennsylvania is not a "person" subject to suit within the meaning of § 1983. Monroe v. Pape, 365 U.S. 167, 187–192, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Moor v. County of Alameda, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); United States ex rel. Gittlemacker v. Philadephia, 413 F.2d 84 (3rd Cir. 1969), cert. den., 346 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970); Fear v. Commonwealth, 413 F.2d 88 (3rd Cir. 1969), cert. den., 396 U.S. 935, 90 S.Ct. 278, 24 L.Ed.2d 234 (1969); United States ex rel. Foreman v. State of New

4. Safeguard Mutual Insurance Company v. Miller, 333 F.Supp. 822 (E.D.Pa.1971), reversed and remanded in Safeguard Mutual Insurance Co. v. Miller, 472 F.2d 732 (3rd Cir. 1973).

Jersey, 449 F.2d 1298 (3rd Cir. 1971); Meyer v. State of New Jersey, 460 F.2d 1252 (3rd Cir. 1972).

■ C. After a careful review of the record before us, we decide that plaintiff's claims for declaratory and injunctive relief as framed in its complaint are moot.

■ Under Article III, Section 2 of the Constitution, the United States Federal Courts have jurisdiction to hear and determine "cases and controversies". Plaintiff must allege in the complaint an actual case or controversy to satisfy the threshhold requirement of Article III. O'Shea v. Littleton, 414 U.S. 488, 94 S. Ct. 669, 38 L.Ed.2d 674 (1974); Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L. Ed.2d 947 (1968). A suit which is, or has become, moot is neither a case nor a controversy within the meaning of the Constitution. St. Pierre v. United States, 319 U.S. 41, 63 S.Ct. 910, 87 L. Ed. 1199 (1943); United States v. Alaska S.S. Co., 253 U.S. 113, 40 S.Ct. 448, 64 L.Ed. 808 (1920). Federal Courts are not empowered to decide moot questions or render advisory opinions on abstract propositions. Hall v. Beals, 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969); Golden v. Zwickler, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969); A. L. Mechling Barge Lines, Inc., v. United States, 368 U.S. 324, 82 S.Ct. 337, 7 L.Ed.2d 317 (1961). Thus, upon determining at any stage of the proceeding that a case was moot when initiated or became moot because of subsequent events, the Court must oust itself of jurisdiction since "[m]ootness is a jurisdictional question". North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971); California v. San Pablo & Tulane R. Co., 149 U.S. 308, 13 S.Ct. 876, 37 L.Ed. 747 (1893); State of Alabama ex rel. Baxley v. Woody, 473 F.2d 10 (5th Cir. 1973).

We judge mootness at the present moment and not at the time when plaintiff commenced this suit. Golden v. Zwickler, *supra*.

This action was originally brought against the Commonwealth of Pennsylvania and George F. Reed who was serving as Insurance Commissioner at that time. During the pendency of the action, plaintiff filed a suggestion on April 20, 1971, to change the name of the Insurance Commissioner to Herbert S. Denenberg, who succeeded George F. Reed and assumed official duties on January 19, 1971. Judge Lord granted the motion for substitution.

We note that Amended Rule 25(d)(1) provides in relevant part as follows:

"When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and his successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party . . . An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution."

With respect to the amended rule, the Advisory Committee comments that "[i]n general it will apply whenever effective relief would call for corrective behavior by the one then having official status and power, rather than one who has lost that status and power through ceasing to hold office." See 3B Moore's Federal Practice ¶25.09 [1]–[3] (2d ed. 1969). "The question of whether corrective behavior is thought to be necessary is, of course, dependent on whether the dispute with the predecessor continues with the successor".[5] Spomer v. Littleton, 414 U.S. 514, 521, 94 S.Ct. 685, 689, note 9, 38 L.Ed.2d 694 (1974).

---

5. Respecting Rule 25(d), it has been suggested that the burden of showing whether there is a substantial need for continuing the action which has been challenged by assertions that the suit is moot will be on the plaintiff if a state officer is involved.

2 Barron and Holtzoff, Federal Practice and Procedure § 626 (Wright ed. 1961) page 449.

With respect to plaintiff's claim for injunctive relief, a careful analysis of the 36 pages of plaintiff's complaint reveals that plaintiff is essentially claiming that the Insurance Commissioner is utilizing the Insurance Acts as a means of circumventing the September 25, 1969 order of the Dauphin County Court vacating plaintiff's suspension. Plaintiff thus seeks to have the Court enjoin an alleged series of acts on the part of the Insurance Commissioner designed to prohibit plaintiff from writing insurance in the Commonwealth of Pennsylvania. It appears that plaintiff wishes this Court to enforce the order of the Dauphin County Court, rather than apply to the Dauphin County Court to enforce its own order.

A very lengthy portion of the complaint deals with the issuance of a suspension order dated April 12, 1967 promulgated by Insurance Commissioner David O. Maxwell who was the immediate predecessor of Insurance Commissioner Reed. We note that most of the issues raised in the complaint regarding plaintiff's suspension have already been adjudicated by the Dauphin County Court.

Plaintiff's past exposure to alleged malicious conduct does not in itself demonstrate an actual and present "case or controversy regarding injunctive relief." O'Shea v. Littleton, supra, 414 U.S. at 495, 94 S.Ct. at 676. A very liberal reading of plaintiff's complaint may suggest that plaintiff is attempting to express a fear that it would experience another suspension at a time subsequent to the commencement of the instant action. However, we do not believe that there is "sufficient immediacy and reality" to plaintiff's suggestion of future harm to satisfy jurisdictional requirements of the Court. Golden v. Zwickler, supra.

In the very lengthy complaint, there are no allegations that Herbert S. Denenberg committed or engaged in any wrongful or illegal conduct. Plaintiff does not allege that Commissioner De-nenberg intends to pursue the alleged malicious devices which plaintiff claims was preventing it from transacting business. While plaintiff suggests that it has been denied the right to be reinstated in the business of insurance, it is clear that plaintiff was in fact reinstated and has continuously continued to transact business under the Insurance Acts of Pennsylvania.

Nothing in plaintiff's complaint clearly alleges that any dispute plaintiff may have had with former Insurance Commissioner George F. Reed has continued with the present Insurance Commissioner Denenberg. "The wrongful conduct charged in the complaint is personal to [George F. Reed], despite the fact that he was also sued in his then capacity as [Insurance Commissioner]. No charge is made in the complaint that the policy of the [Insurance Department] is to follow the intentional practices alleged, apart from the allegation that [Reed], as the incumbent at the time, was then continuing the practices he had previously followed . . . " Spomer v. Littleton, supra, 414 U.S. at 521, 94 S.Ct. at 689.

We, again, emphasize that in the complaint, plaintiff has not charged Herbert S. Denenberg with anything. In the prayer for relief, plaintiff does not seek to enjoin him from doing anything. Because Safeguard was in fact reinstated, nothing remains to be enjoined; we must dismiss plaintiff's request for injunctive relief as moot. See, Spomer v. Littleton, supra; Two Guys v. McGinley, 366 U.S. 582, 81 S.Ct. 1135, 6 L.Ed.2d 551 (1961); Allen v. Regents of the University System of Georgia, 304 U.S. 439, 58 S.Ct. 980, 82 L.Ed. 1448 (1938); Commercial Cable Co. v. Burleson, 250 U.S. 360, 39 S.Ct. 512, 63 L.Ed. 1030 (1919); Singer Manufacturing Co. v. Wright, 141 U.S. 696, 12 S.Ct. 103, 35 L.Ed. 906 (1891); State of Alabama ex rel. Baxley v. Woody, supra; Davis v. Ichord, 143 U.S.App.D.C. 183, 442 F.2d 1207 (1970); McGregor v. Schmidt, 358 F.Supp. 1131 (W.D.Wis.1973).

Also, we decide that plaintiff's claim for declaratory relief has been mooted, as there is no substantial controversy of "sufficient immediacy and reality" existing in the case to warrant the issuance of a declaratory judgment. Maryland Casualty Co. v. Pacific Coal and Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941).

Essentially, plaintiff seeks to have the Court declare that the "action of the Insurance Commissioner in issuing the injunction-like suspension order on April 12, 1967 was unconstitutional and in violation of the 14th Amendment of the United States Constitution . . ."

 We must point out here that plaintiff has secured through the processes of the State Court, the relief it sought, namely, the termination of the April 12, 1967 suspension order. Plaintiff apparently feels that it may be injured in the future if certain speculative contingencies come to pass. However, in order for a Court to entertain plaintiff's request for declaratory relief, there must be a controversy before it existing at the present time irrespective of any controversy that may have existed in the past. Golden v. Zwickler, *supra*, 394 U.S. at 959, 89 S.Ct. at 108. "For adjudication of constitutional issues 'concrete legal issues, presented in actual cases, not abstractions' are requisite." United Public Workers of America (C.I.O.) v. Mitchell, 330 U.S. 75, 89, 67 S.Ct. 556, 564, 91 L.Ed. 754 (1947). We cannot render an opinion advising what the law would be regarding suspension upon a hypothetical state of facts. North Carolina v. Rice, *supra*; Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937).

Respecting the alleged unconstitutionality of the statute under which plaintiff was suspended, the late Judge Lord, to whom this matter was originally assigned, decided as follows:

"This is precisely the issue that plaintiff raised in the state court suit and in the original federal action, Civil Action No. 42510. A three-judge court was convened and stayed all federal proceedings pending the outcome in the state court. As noted above, the Dauphin County Court vacated the suspension notice without deciding the constitutional issue. While admittedly the constitutionality of section 202 has not yet been decided it appears to this Court that *plaintiff had its day in court and, in fact, had its position vindicated when the state court refused the Commissioner's request for a statutory liquidator. The plaintiff company is not presently under a section 202 suspension, nor is there anything except plaintiff's bare conclusion to support a finding that the Commissioner is about to utilize that section against plaintiff. It appears to the Court that the plaintiff wants to litigate an issue which has already been resolved, albeit on a factual finding rather than on a constitutional basis, in their favor. Therefore, the Court finds that there is no case or controversy and that plaintiff presently lacks standing to challenge the constitutionality of 40 Pa.Stat.Ann. § 202."* (footnote omitted.) (emphasis added)

Safeguard Mut. Ins. Co. v. Commonwealth of Pennsylvania, 329 F.Supp. 315, 318 (E.D.Pa.1971).

 Since plaintiff is seeking a declaratory judgment regarding its suspension, which was vacated by the Dauphin County Court, and which was no longer a reality even at the time plaintiff commenced this action, we believe that it would be inappropriate to declare that the April 12, 1967 order issued by former Insurance Commissioner, David O. Maxwell was invalid on the basis of procedural due process in view of the fact that the aforesaid order has already been declared invalid by the Dauphin County Court on substantive grounds, on the merits. No basis exists for the Court's issuance of a declaratory judgment under the particular facts and circumstances of the instant case; accord-

ingly, plaintiff's complaint is subject to dismissal.

D. Another reason for dismissing plaintiff's complaint is that plaintiff's request for injunctive and declaratory relief raises a federal issue only as a defense to an action that may be initiated in a state forum. Allegheny Airlines, Inc. v. Pennsylvania Pub. Util. Com'n, 465 F.2d 237 (3rd Cir. 1972). In Public Service Comm'n v. Wycoff Co., 344 U.S. 237, 248, 73 S.Ct. 236, 242, 97 L.Ed. 291 (1952), the Supreme Court said, "Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is a federal question jurisdiction in the District Court."

It is clear that Safeguard is requesting the Court to declare that it will have a valid defense to a proceeding for the dissolution of Safeguard if such a proceeding is instituted by Insurance Commissioner in the State Courts. However, the complaint of the Insurance Commissioner in such state proceedings would raise only questions of state law. Such state law issues would include the following:

(1) Whether Safeguard is in such an unstable financial condition that its further transaction of business would be hazardous to its policyholders, creditors and the public.

(2) Whether Safeguard is operating in wilful violation of the insurance laws of the Commonwealth of Pennsylvania.

(3) Whether Safeguard's claims practices are improper or contrary to the interests of its policyholder and claimants. As a defense to its liquidation, Safeguard would assert the alleged unconstitutionality of the actions of the Insurance Commissioner. Clearly, the Insurance Commissioner's state court complaint would raise no federal question;

a federal question would enter the case, if at all, only when such question is interposed by Safeguard as a defense to the complaint of the Insurance Commissioner. In view of such circumstances, jurisdiction is lacking here. Public Service Comm'n v. Wycoff Co., supra; Louisville and Nashville Ry. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); Allegheny Airlines, Inc. v. Pennsylvania Pub. Util. Com'n, supra; Thiokol Chemical Corp. v. Burlington Industries, Inc., 448 F.2d 1328 (3rd Cir. 1971), cert. denied, 404 U.S. 1019, 92 S. Ct. 684, 30 L.Ed.2d 668.

## III

### THREE-JUDGE COURT NOT REQUIRED

The Court, having determined that it does not have jurisdiction for reasons herein set forth, need not even consider the question of convening a three-judge court. Lion Manufacturing Corporation v. Kennedy, supra; Eastern States Petroleum Corp. v. Rogers, supra.

A. Even assuming, arguendo, that the general requisites of jurisdiction have been met and that for some possible reason the case before us is not moot, the Court would nevertheless conclude that there is no basis for convening a three-judge court, Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1941); Ex parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249 (1940); and as single judge would abstain on the basis of the doctrine of federal abstention and comity.

Believing that a three-judge court was not required in the instant case, Judge Lord ruled in relevant part as follows:

". . . [t]he law is clear that the statute itself must be substantially challenged in order to warrant or permit the impaneling of a three-judge court. A question even a constitutional one, which raises the propriety of state action is not sufficient. Where

the essence of the claim is that the statute is being applied unconstitutionally to a member of a class to whom, if properly administered, it could be constitutionally applied, a three-judge court is not required . . . Since the thrust of plaintiff's complaint is that the Insurance Department is utilizing the various statutory provisions maliciously and unlawfully we do not feel that the statutes themselves are being substantially attacked and therefore we will deny plaintiff's motion to convene a three-judge court." (citations omitted.)

Safeguard Mut. Ins. Co. v. Commonwealth of Pennsylvania, 329 F.Supp. 315, 317–318 (E.D.Pa.1971). In view of the above rationale, this case is appropriate for disposition by a single judge, since a three-judge court is not necessary or required.

B. Assuming, arguendo, that jurisdiction exists, the Court would abstain from exercising its jurisdiction and would dismiss plaintiff's complaint. Alabama Public Service Comm. v. Southern Ry. Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951); Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); Railroad Commission v. Rowan & Nichols Oil Co., 310 U.S. 573, 60 S.Ct. 1021, 84 L.Ed. 1368 (1940); Pennsylvania v. Williams, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841 (1935); Allegheny Airlines, Inc. v. Pennsylvania Pub. Util. Com'n, supra; Sayers v. Forsyth Bldg. Corp., 417 F.2d 65 (5th Cir. 1969); Lerner v. Town of Islip, 272 F.Supp. 664 (E.D.N.Y.1967); Atlantic Freight Lines, Inc. v. Pennsylvania Public Utility Comm., 109 F.Supp. 385 (W.D.Pa. 1952).

We point out that this case falls squarely within the doctrine of comity as announced by the Supreme Court and applied consistently by the lower federal courts. So strong is the policy against federal interference with state regulatory matters that the courts have uniformly dismissed the action. The Court of Appeals for the Third Circuit has recently stated that

". . . the primary concern running through the cases in which the Court has abstained for equitable principles seems to be the possibility of friction caused by interference with the orderly procedures and rules of state regulatory bodies . . . The instant case presents such a threat: a serious possibility of disturbing the orderly state system of agency regulation of · transportation within Pennsylvania." Allegheny Airlines, Inc. v. Pennsylvania Pub. Util. Com'n, supra, 465 F.2d at 243.

Plaintiff has adequate legal and equitable remedies in the state forums for all the potential wrongs it claims the Insurance Commissioner may inflict upon it in the future. We note that under the Commonwealth Court Act, 17 P.S. § 211.1 et seq., and the Appellate Court Jurisdiction Act of 1970, 17 P.S. § 211.-101 et seq., the original jurisdiction of the Commonwealth Court extends to all civil actions and proceedings against officers of the Commonwealth in their official capacity.

## IV

### PLAINTIFF'S "SECOND APPLICATION · · ·"

■ On January 18, 1974, plaintiff filed papers labeled "Second Application for Designation of Three-Judge Court under Title 28 U.S.C. Sections 2281 and 2284 and Application for Injunctive Relief." These papers recite alleged new difficulties plaintiff has experienced with the Insurance Commissioner. These papers begin by declaring that "Herbert S. Denenberg, Insurance Commissioner, on January 22, 1974, is going

to conduct a hearing which can only be described as a 'kangaroo court' . . . ."

It is difficult for the Court to ascertain what plaintiff's recently filed papers purport to be. Construed as a motion, we initially point out that plaintiff's papers had not been properly filed in accordance with the Local Rules of the United States District Court for the Eastern District of Pennsylvania [6] or the Federal Rules of Civil Procedure. See, Fed.R.Civ.P. 15(d). There is no indication that plaintiff's papers were properly served on defendants. Defendants have not responded to plaintiff's papers; and the Court should not require defendants to respond in view of plaintiff's failure to comply with the Rules.

In view of the foregoing facts, we do not consider plaintifff's recently filed papers before us.

Even if the Court were to disregard plaintiff's noncompliance with the Rules and were to consider the new matter as properly before the Court, this would be of no avail to plaintiff.

Apparently, based on allegations set forth in plaintiff's "second application", plaintiff believes that it has a basis for requesting this Court to convene a three-judge court. We believe that the rationale applied by Judge Lord in connection with his denial of plaintiff's initial request for a three-judge court is particularly dispositive of plaintiff's second application. Moreover, the reasons we have set forth previously in this memorandum dictate that plaintiff's present application for a three-judge court if properly filed would be subject to denial.

To the extent it may be possible to construe the papers filed by plaintiff as an attempt to file an amended complaint, we note that it is very clear that there has been no compliance whatsoever with Rule 15 of the Federal Rules of Civil Procedure which provides in relevant part as follows:

Rule 15. Amended and Supplemental Pleadings.

(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

\* \* \* \* \* \*

(d) Supplemental Pleadings. Upon motion of a party the court may, upon

---

6. Rule 36 Briefs; Time for Filing; Memoranda or Brief to Accompany All Motions; Dispensing with Oral Argument.

All uncontested motions shall be accompanied by a certificate of counsel that such motion is uncontested. All contested motions shall be accompanied by a brief or memorandum of law containing a concise statement of the legal contentions and authorities relied upon in support of said motion. A copy of each such motion and memorandum or brief shall be served upon opposing parties together with a notice of the date on which the motion wil be filed which date shall not be less than five (5) days after the date of such notice. All such motions shall be accompanied by a certification that service of the motion, memorandum and intention to file has been made upon the opposing parties, together with the date and manner of such service. Any party desiring to oppose the granting of such motion or application shall file with the judge to whom the case is assigned a brief or memorandum in opposition thereto, not later than 10:00 A.M. of the date set for filing of such motion. Oral argument shall be dispensed with unless specifically requested by an interested party. In any case, the Court may decline to hear oral argument, and may dispose of such motion without further hearing or argument.

reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor . . .

We do not construe the papers filed by plaintiff as an amended complaint. They have not been labeled as such. While plaintiff has had the opportunity to do so, it has never sought leave of this Court to amend its complaint, nor is there any indication that it has sought the consent of defendants [7]. Accordingly, on this point, the Court rules that plaintiff's "second application . . ." is not properly before the Court.

## V

## CONCLUSION

In view of all the reasons set forth herein, we dismiss plaintiff's action which requests only injunctive and declaratory relief and which does not request damages.

In so dismissing, we do not interfere with plaintiff's related action for damages and injunctive relief which is pending before another judge in the Eastern District of Pennsylvania [8].

---

7. After reassignment of this case, a status conference was held on February 15, 1973, and counsel were advised that the action should be processed for final disposition and that counsel should take such action as appeared appropriate. On June 1, 1973, defendants filed a motion for summary judgment and a memorandum of law in support of their motion. On June 11, 1973, the Court received a letter from plaintiff indicating that for purposes of replying to defendant's motion it was relying on a memorandum entitled "Brief Sur Complaint Requesting Relief, The Convening of a Three-Judge Statutory Federal Court and Application for Preliminary Injunction" which had been filed in this case on June 17. 1971.

Defendants' motion for summary judgment was listed for oral argument on September 4, 1974. At the time of argument, defendants were given an extension of time to file a supplemental memorandum of law; plaintiff requested and was permitted an additional ten days after defendants submitted memorandum to respond.

On September 17, 1973, defendants filed a supplemental memorandum in support of their motion for summary judgment. Subsequently, on October 3, 1973, plaintiff filed a "Memorandum Reply . . ."

Plaintiff has not requested any opportunity to file an amended complaint.

8. Safeguard Mutual Insurance Company v. Miller, and C. M. Clark Insurance Agency, Inc. v. Miller (Civ.A.Nos. 71-767, 71-822).