John N. THOMPSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6605.

United States Court of Appeals Tenth Circuit.

May 9, 1961.

Charles S. Scott of Scott, Scott, Scott & Jackson, Topeka, Kan., for appellant.

George T. Van Bebber, Asst. U. S. Atty., Kansas City, Kan. (Newell A. George, U. S. Atty., Kansas City, Kan., appearing with him on the brief), for appellee.

Before MURRAH, Chief Judge, PICKETT, Circuit Judge, and KERR, District Judge.

KERR, District Judge.

This is an appeal from a summary judgment rendered by the United States District Court for the District of Kansas in favor of the United States on the ground that the Court did not have jurisdiction over the subject matter of appellant's counterclaim.

The original action was commenced by the United States against appellant to recover the sum of $3,100.00. The complaint alleged that such sum was due the United States on account of overpayments made to appellant's mother as a Class E Voluntary Allotment for which

no deduction was made from appellant's pay. Appellant denied that he owed such sum and that he refused to pay it. In addition to his answer containing denials and affirmative defenses, he filed a counterclaim against the United States alleging that he was damaged in the amount of $31,176.00 because he had been wrongfully, illegally and improperly discharged from the postal service on August 31, 1953. This claim was subsequently reduced to $10,000.00 by the amended answer, presumably for the purpose of bringing the amount of the counterclaim within the limitations of the Tucker Act, 28 U.S.C.A. § 1346. His answer and counterclaim were filed on December 17, 1959. The United States replied to the counterclaim and alleged, inter alia, that the court did not have jurisdiction of the subject matter of the counterclaim. The government's subsequent motion for summary judgment was granted by the district court.

The issues to be decided in this appeal are whether the district court had jurisdiction to adjudicate appellant's counterclaim and whether that question was properly raised by appellee's motion for summary judgment.

A motion for summary judgment lies whenever there is no genuine issue as to any material fact. It is not a substitute for a motion to dismiss for want of jurisdiction. If the court lacks jurisdiction it cannot render a judgment but must enter an order dismissing the action.[1] We need not dwell on the improper manner in which the jurisdictional issue was invoked. It is elementary that the court's first duty is to determine its jurisdiction to entertain and decide a case on its merits. It must make this determination regardless of the impropriety of appellee's motion.[2]

Appellant did not satisfy Rule 8(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. He made no concise or plain statement of the grounds upon which the jurisdiction of the district court depends. He need not, of course, have recited the particular law upon which he based his claim, but he should have been sufficiently acute in the development of his claim to apprise the court of the grounds upon which he contends he is entitled to relief. This is not, however, the principal infirmity in appellant's counterclaim.

Applying the standard pronounced in United States v. Martin, 10 Cir., 267 F.2d 764, at page 769, appellant's counterclaim may not be permissively adjudicated even had it contained the essential jurisdictional requirements independent of the original action. It is indisputable that an action to recover damages for an alleged unlawful discharge from civil service employment is not "germane or reasonably incident to" the original suit by the Government to recover allotment payments. Neither do these actions "present common questions of law and fact" requisite to allow a permissive counterclaim against the United States.

If the appellant, as a discharged civil servant and a veteran has any judicable rights under any of the statutes which he argued in his brief, he must pursue them in an independent action and conform to the procedures set out therein.

We are in accord with the decision of the lower court but we are of the opinion that an order of dismissal, not a summary judgment, is the proper manner in which to dispose of the counterclaim. The judgment of the District Court with respect to the counterclaim of appellant will be vacated and the case remanded with directions to enter a judgment dismissing the counterclaim for want of jurisdiction.

1. Leaver v. Parker et al., 9 Cir., 121 F. 2d 738, certiorari denied, Leaver v. Citizens Nat. Trust & Savings Bank, 314 U.S. 700, 62 S.Ct. 480, 86 L.Ed. 560; Martucci v. Mayer et al., 3 Cir., 210 F.2d 259.

2. Jones v. Brush et al., 9 Cir., 143 F.2d 733.