**PEOPLE of The STATE OF CALIFORNIA, Plaintiff,**

v.

**UNITED STATES of America and First Doe to Twentieth Doe, both inclusive, Defendants.**

**Civ. No. 38511.**

United States District Court
N. D. California, S. D.

June 1, 1961.

See also, 27 F.R.D. 261.

———◆———

Stanley Mosk, Atty. Gen., Robert H. Connett, Deputy Atty. Gen., for plaintiff.

Laurence E. Dayton, U. S. Atty., Robert N. Ensign, Asst. U. S. Atty., San Francisco, Cal., for defendant, the United States.

GOODMAN, Chief Judge.

This is an action by the State of California to recover $11,128.76 in expenses incurred in suppressing a fire which the United States allegedly negligently allowed to spread from the Klamath National Forest to lands owned by others than the United States. The jurisdiction of this Court is invoked under the Federal Tort Claims Act, 60 Stat. 843, as amended; 28 U.S.C. §§ 1346(b) and 2671–2680. The complaint asserts that the State's claim is made pursuant to California Health and Safety Code, §§ 13007–13009 which impose liability upon any person negligently allowing a fire to escape to the property of another for the expenses incurred by any person or agency fighting such fire. This statute provides that liability incurred thereunder shall constitute a debt collectible in the same manner as an obligation under contract, expressed or implied.

The United States has moved to dismiss the complaint upon the ground that it is not cognizable under the Federal Tort Claims Act because it seeks recovery upon an obligation arising out of an implied-in-law contract rather than a tort. The State urges that the liability imposed by the California statute is essentially tortious because it is grounded upon negligence. The State also argues, in opposition to the motion to dismiss, that it has a common-law right of recovery for its fire-fighting expenses based upon ordinary principles of negligence.

But it is unnecessary to consider these questions. For, in the opinion of the Court, the Federal Tort Claims Act does not confer jurisdiction on this Court to entertain the State's claim regardless of whether it sounds in contract or in tort. The relevant portion of the Tort Claims Act provides as follows: "The district courts, * * *, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, * * *, *for injury or loss of property*, * * * caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act

or omission occurred." 28 U.S.C. § 1346 (b) (Emphasis added.) By its terms, the Federal Tort Claims Act plainly limits the liability of the United States to damages for negligent or otherwise wrongful injury or destruction of property. The Act does not subject the United States to liability for fire-fighting expenses voluntarily incurred and unrelated to any claim of damage to property.

The motion of the United States to dismiss the complaint is granted.