**STATE OF OREGON, acting by and through its State Forester, and Klamath Forest Protection Association, an Oregon non-profit corporation, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 238–59.

United States District Court
D. Oregon.

June 22, 1961.

Robert Y. Thornton, Atty. Gen., and Thomas C. Stacer and Clarence R. Kruger, Asst. Attys. Gen., for plaintiffs.

Victor E. Harr, Asst. U. S. Atty., Portland, Or., for defendant.

EAST, District Judge.

In this action, the State of Oregon, acting by and through its State Forester

and Klamath Forest Protective Association, an Oregon nonprofit corporation (plaintiffs), seek to recover, via the Federal Tort Claims Act,[1] against the United States of America (defendant), the fire-suppression costs which were incurred by plaintiffs in fighting, controlling and suppressing a forest fire on forest lands located in the State of Oregon. The fire originated on lands of the defendant within the State of California, allegedly due to the negligence of defendant's employees. Defendant is also alleged to have been negligent in failing to control and extinguish the fire when it escaped to lands within the State of Oregon. The theory of plaintiffs' action is based upon the provisions of ORS (Oregon Revised Statutes) Ch. 477. These statutes, inter alia, impose liability upon the owner, operator or person in possession of land on which there is a forest fire, where such person is negligent in the origin of the fire or in failing to control and extinguish it. Under the provisions of these Oregon statutes, the actual cost of controlling or extinguishing the fire may be recovered by action brought in the name of the State of Oregon or the appropriate forest protective agency.

Defendant has moved for summary judgment[2] on the grounds

1) That the second amended complaint does not state a claim for which relief can be granted, and

2) The Court lacks jurisdiction of the subject matter of this action.

▆▆ Defendant contends that the action cannot be based upon the Federal Tort Claims Act because the liability, if any, rests upon (statutory) implied contract. Plaintiffs contend that the liability imposed by the Oregon statutes is tortious because the right of recovery is grounded upon negligence. These conflicting contentions, however, need not be resolved, because this Court does not have jurisdiction of the subject matter of this action.

Section 2674, Title 28 U.S.C.A., provides that

"The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances * * * "—

restricted, however, to the jurisdictional statute, 28 U.S.C.A. § 1346(b), which provides, inter alia:

"The district courts * ⁄ * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages * * * *for injury or loss of property* * * * caused by the negligent or wrongful act or omission of any employee of the Government * * * " etc. [Emphasis supplied.]

The plain meaning of this statute is that there is no jurisdiction in this Court unless the alleged liability is one for injury or loss of plaintiffs' property. It does not appear from the entire record now presented that either the State of Oregon or the Klamath Forest Protective Association had any legal or equitable interest in the Oregon lands affected by the alleged escape of the fire. The claim asserted is solely for recovery of costs incurred in fighting the forest fire, and not for any damage to property. C. W. Guerrier Lumber Co. v. Saint Paul-Mercury Indemnity Co., Civil No. 7263 D. Ore., March 31, 1955, is not in point.

▆▆ A motion for summary judgment in favor of defendant is not the proper way to raise the question of this Court's jurisdiction. Jones v. Brush, 9 Cir., 1944, 143 F.2d 733. A summary judgment goes to the merits of the case and operates in bar of the cause of action. Martucci v. Mayer, 3 Cir., 1954,

---

1. Title 28 U.S.C.A. §§ 1346(b) and 2671–2680.

2. F.R.Civ.P. Rule 56, 28 U.S.C.A.

210 F.2d 259. Therefore, defendant's motion for summary judgment must be denied.

Since the jurisdiction of this Court has been brought into question and found wanting, it is incumbent upon this Court to order a dismissal of plaintiffs' action.[3]

---

3. F.R.Civ.P. Rule 12(h) (2). See, also, opinion of Judge Louis E. Goodman, United States District Court for the Northern District of California, Southern Division, entered on June 1, 1961, in the case entitled People of State of California v. United States of America, 195 F.Supp. 793.