**NORTHERN ASSURANCE COMPANY OF AMERICA, a corporation, Plaintiff,**

v.

**ASSOCIATED INDEPENDENT DEAL-ERS, Defendant.**

**No. 4–69 Civ. 377.**

United States District Court,
D. Minnesota,
Fourth Division.

April 10, 1970.

Robins, Davis & Lyons, by James L. Fetterly, Minneapolis, Minn., for plaintiff.

Richards, Montgomery, Cobb & Bassford, by Nathan Cobb, Minneapolis, Minn., for defendant.

NEVILLE, District Judge.

It appears that plaintiff insurance company, a Massachusetts corporation, insured against loss by fire the St. Paul

Linoleum and Carpeting Co., whose building was so destroyed on April 25, 1969. Plaintiff "paid" the insured the limits of its policy, $150,000 and took from it a "Loan Receipt" dated May 19, 1969, the loan "repayable only in the event and to the extent of any net recovery the [borrower-insured] may make from * * * other parties causing or liable for the loss or damage * * *." Plaintiff thereafter commenced a suit in this court alleging that the defendant, a Minnesota corporation and owner of an adjoining building negligently caused the fire which ultimately spread to and destroyed the proximate property of the insured St. Paul Linoleum and Carpeting Company. Defendant is thus alleged to be a third party tort feasor. The total loss is asserted to approximate $300,000. On March 19, 1970, subsequent to the filing of the present action and the attack thereon by defendant's motion for judgment on the pleadings plaintiff entered into and there was executed a "Subrogation Receipt" with the insured to replace the prior "loan receipt" instrument. Based upon this change of document which is set forth in plaintiff's proposed amended complaint, it urges the court to allow it so to amend.

Defendant's motion for judgment on the pleadings is based upon the claim that there is no bona fide diversity of citizenship and thus this court has no jurisdiction and the action should be dismissed; that under a "loan receipt" plaintiff is not the real party in interest in this suit since the money paid to the insured is pursuant to the loan; that the insured's property rights in the damaged building thus were not subrogated to the plaintiff insurer; that since the real party in interest is the insured, a Minnesota resident, and since the defendant is a Minnesota corporation, the necessary diversity of citizenship is lacking and so there is no basis for the exercise of federal jurisdiction. Plaintiff on the other hand urges that the money paid to the insured even under the "loan receipt" was in fact understood to be a means of implementing the insurer's exercise of its right of subrogation pursuant to the terms of the insurance policy, and thus at all times it has in fact been the real party in interest; that in any event, if there were originally a jurisdictional defect, such has been cured by the substitution of the subrogation receipt for the loan receipt.

It is axiomatic that if this court does not have jurisdiction neither party may by consent or any other means confer such. The court is aware of the common practice indulged in by insurance companies to use the "loan receipt" technique in circumstances where the insured party desires and is entitled to the insurance proceeds immediately and yet the insurance company and perhaps also the insured desire to keep any potential lawsuit against third parties in the name of the insured as though he or it were the real party in interest. Undoubtedly this is done to the end that an insurance company's case or an insured's case for excess over the insurance proceeds paid will not be prejudiced before a jury by the fact that the plaintiff is an insurance company rather than the original injured plaintiff. Upon examination of the "loan receipt" attached to plaintiff's complaint the court does not find any express language which would allow the interpretation advanced by plaintiff though it is apparent that any litigation is substantially under the insurer's control. The instrument appears to be a typical loan receipt whereby the insured agrees to allow the insurer to litigate matters in the name of the insured since by executing a "loan" the real party in interest continues to be the insured. Such is not of course true in cases where a subrogation agreement is executed rather than a loan receipt. There is conspicuously missing from the "loan receipt" any language to the effect that the insurer is subrogated to any or all rights, claims and interest in the damaged property or against tort feasors causing damage thereto. An insurer normally does not use a "loan receipt" if

in fact it desires to have the insured's rights subrogated to it. Since as the court was advised there is litigation now pending in the Minnesota State Courts over the fire loss of the St. Paul Linoleum and Carpeting Company, the use of the "loan receipt" technique can be understood.

■ It seems clear that where the relevant state substantive law validates the use of a "loan receipt", then the insurance company is not a real party in interest. Cases holding both ways on this question are collected in 3A Moore's Fed.Prac. 2d ed. 369 ¶ 17.09 [2–4] and there is authority for the Federal Court's "piercing" the loan receipt and looking to what is said to be the true nature of the transaction. Condor Investment Co. v. Pacific Coca-Cola Bottling Co., 211 F.Supp. 671 (D.Or.1962). In looking to Minnesota law, however, which this court is required to do, it appears that the use of "loan receipts" is recognized. Blair v. Espeland, 231 Minn. 444, 43 N.W.2d 274 (1950). Thus under Minnesota law where a loan receipt is used instead of a subrogation agreement in transactions similar to the one involved in the present case, the real party in interest is the insured party, i. e., St. Paul Linoleum and Carpeting Co.

Rule 17(a) of the Federal Rules of Civil Procedure requires that "Every action shall be prosecuted in the name of the real party in interest * * *." The same rule then allows the joinder of the real party in interest so as not to defeat the action. However to allow the joinder in this case of the St. Paul Linoleum and Carpeting Co., the real party in interest under the "loan receipt" clearly would remove the present action from the jurisdiction of this court since the insured is a Minnesota corporation as is the defendant. Joinder of the insured would remove the complete diversity of citizenship required to maintain an action in federal court, under 28 U.S.C. § 1332. Were there nothing more the action then would have to be dismissed.

After defendant's motion was served and filed, however, plaintiff—evidently viewing defendant's motion with some concern from plaintiff's standpoint—executed a subrogation agreement with the insured to replace the earlier executed loan receipt. Plaintiff has asked the court to allow an amendment of its complaint to reflect this new situation which it contends and perhaps quite arguably would give or originally would have given the court jurisdiction since the present plaintiff would then be the real party in interest and thus there would be the requisite diversity of citizenship between parties. If the amendment were to be allowed, recovery would of necessity be limited as a subrogation claim to the amount plaintiff actually paid, i. e., $150,000 and no recovery in excess thereof could be had in this court for the Minnesota resident insured who however apparently has a claim pending in State court for its loss in excess of the amount of insurance proceeds collected.

Actually, though it is styled amended complaint what plaintiff is seeking is leave to file a supplemental complaint under Rule 15(d) of the Federal Rules of Civil Procedure. An amended pleading supplies facts which existed at the time suit was commenced but were omitted therefrom or incorrectly stated therein, whereas a supplemental pleading sets forth " * * * transactions or occurrences or events which have happened since the date of the pleading * * *." Here the obtaining of the subrogation receipt occurred after the service of the complaint.

■ The court must decide whether under the present circumstances it has the power to grant plaintiff's motion to "amend" or more properly supplement its complaint. It has long been held that " * * * jurisdiction depended upon the state of the parties at the commencement of the suit, which no subsequent change could give or take away * * *." Anderson v. Watts, 138 U.S. 694, 707, 11 S.Ct. 449, 453, 34 L.Ed.

1078 (1890). By way of illustration the court in *Anderson* stated that " * * * if a citizen sued a citizen of the same state, he could not give jurisdiction by removing and becoming a citizen of a different state * * *." 138 U.S. 694, 707, 11 S.Ct. at 453. The Court then distinguished the above situation from a case where facts creating diversity were in existence at the time of commencement of the suit but were inadvertently omitted from the original complaint. In this latter situation an amended pleading to correct the "mistake" should be allowed. Thus it has been consistently held that pursuant to 28 U.S.C. § 1653 defective allegations of jurisdiction may be amended if jurisdiction actually existed from the facts at the time the complaint was filed. Stern v. Beer, 200 F. 2d 794 (6th Cir.1952). 3 Moore's Fed. Prac. ¶ 15.09 at 945. It has similarly been widely held that jurisdiction depends upon the state of things at the time the action was commenced. Smith v. Sperling, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957); Russell v. New Amsterdam Casualty Co., 325 F.2d 996 (8th Cir.1964); Julien v. Sarkes Tarzian, Inc., 352 F.2d 845 (7th Cir.1965); Kaiser v. Loomis, 391 F.2d 1007 (6th Cir.1968).

At the time the instant action was commenced, plaintiff under the then existing set of facts was not the real party in interest. Thus the court did not at that time have jurisdiction since there was no complete diversity of citizenship. The change in circumstances, by substituting the subrogation receipt cannot confer jurisdiction upon this court when it did not have jurisdiction at the time the present suit was initiated. In light of the facts herein discussed the court is unable to allow plaintiff to "amend" or to supplement its original complaint.

A court in cases such as at bar has jurisdiction to decide whether it in fact has jurisdiction. Stoll v. Gottlieb, 305 U.S. 165, 171, 59 S.Ct. 134, 83 L.Ed. 104 (1938); See Moore's Fed. Prac. ¶ 60.25[2] n. 42 at 265. The court can go no further than this if it concludes that it does not have jurisdiction. So defendant's motion for judgment on the pleadings equivalent really to a motion for a summary judgment goes to the merits of the case and if granted would serve as a final adjudication of the claim. Since the court lacks jurisdiction it cannot render such a judgment as defendant requests, but rather must and does enter an order dismissing the action without prejudice. Thompson v. United States, 291 F.2d 67 (10th Cir. 1961); 6 Moore's Fed.Prac. ¶ 56.03 n. 6 at 2053.

The argument perhaps can be made, on which the court does not pass at this time, that dismissing this case is but an exercise in futility since plaintiff can commence a new action in this court and accomplish substantially the same result as though it had been allowed to supplement its complaint in the present action. There appears to be no statute of limitation or other similar problem here involved, but in any event under the authority above, the court would not feel justified in proceeding to a lengthy trial and other proceedings, only to find later that the court lacked jurisdiction and the entire proceedings were invalid.