**Harry E. SAXTON and Ruth B. Saxton, Appellants,**

v.

**STATE of Iowa, Appellee.**

No. 55426.

Supreme Court of Iowa.

March 28, 1973.

Harry E. and Ruth B. Saxton, pro se.

Richard C. Turner, Atty. Gen., and Gordon Bowles, Asst. Atty. Gen., for appellee.

Heard before MOORE, C. J., and RAWLINGS, REES, REYNOLDSON and McCORMICK, JJ.

PER CURIAM.

Plaintiffs appeal from an order sustaining defendant's special appearance to their petition. The issue is whether subject matter jurisdiction exists under the Iowa Tort Claims Act, chapter 25A, The Code. We find the special appearance was properly sustained and affirm.

The petition asks damages for willful nondisclosure of a veterinary diagnosis by the Iowa Department of Agriculture. Plaintiffs allege they purchased 299 diseased feeder cattle in 1966; private veterinarians were unable to diagnose the illness; it infected the rest of their herd; disease specimens were taken for testing by the Iowa Department of Agriculture in September 1968; defendant willfully refused to report the test findings to plaintiffs; and such nondisclosure proximately caused continued disease in the cattle, loss of business and mental anguish to plaintiffs.

■ The narrow question presented is whether plaintiffs' action comes within one of the exceptions to state tort liability enumerated in Code § 25A.14. If it does, the court lacked subject matter jurisdiction and the special appearance was correctly sustained. See Hubbard v. State, 163 N. W.2d 904, 907 (Iowa 1969). Among the exceptions in Code § 25A.14(4) is any claim arising out of deceit. We believe the deceit exception applies here.

The tort of deceit by nondisclosure is generally discussed in Prosser, Law of Torts, § 106 at 695–698 (Fourth Ed. 1971), Harper and James, 1 The Law of Torts, § 7.14 at 568–590 (1956), and 3 Restatement of Torts, § 551. The gist of the cause of action is expressed in the Restatement, *supra*, at 117:

"One who fails to disclose to another a thing which he knows may justifiably induce the other to act or refrain from acting in a business transaction is subject to the same liability to the other as though he had represented the nonexistence of the matter which he has failed to disclose, if, but only if, he is under a duty to the other to exercise reasonable care to disclose the matter in question."

We do not hold plaintiffs' petition is sufficient to state a claim for deceit. Our task is simply to identify the subject matter of the litigation. We are unable to conceive of any other tort category in which plaintiffs' cause of action might fit.

■ Our statute is modeled on the Federal Tort Claims Act and we are guided by interpretations given identical statutory language by the federal courts. Hubbard v. State, *supra* at 910–911. We have such guidance here. Kilduff v. United States, 248 F.Supp. 310 (D.C.Va.1961), is an analogous federal case. There the government was sued on a theory that a federal hospital had tortiously concealed from plaintiff the fact he had a lung infection. The court found the gravamen of the complaint was deceit within the meaning of the Federal Tort Claims Act exception. We reach the same conclusion here under the same exception in Code § 25A.14(4). Cf. Saxton v. United States, 456 F.2d 1105 (8 Cir. 1972).

■ Plaintiffs attempted by various measures to reframe or buttress their cause of action subsequent to trial court's order sustaining defendant's special appearance. However, where a special appearance is sustained the cause is determined except as to the right of appeal from that ruling. Oldis v. John Deere Waterloo Tractor Works, Inc., 259 Iowa 1111, 1117, 147 N. W.2d 200, 203 (1966).

We find no merit in the propositions urged by plaintiffs. The case is affirmed.

Affirmed.