**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

—————————————————

EVA L. MOODY,

    Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA;
INTERNAL REVENUE SERVICE,

    Defendants-Appellees.

No. 98-5254
(N.D. Okla.)
(D.Ct. No. 97-CV-79-K)

—————————————————

**ORDER AND JUDGMENT**[*]

—————————————————

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

—————————————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Eva L. Moody appeals the district court's summary judgment decision dismissing her complaint for failure to demonstrate a genuine issue of material fact. We exercise jurisdiction under 28 U.S.C. § 1291 and vacate and remand.

Ms. Moody filed a complaint requesting various types of tax relief. The district court granted the government's motion to dismiss all counts of the complaint, except one claim for a tax refund. Thereafter, the government sought a motion for summary judgment to dismiss Ms. Moody's remaining tax refund claim. Apart from issues concerning the merits of the claim, the government also alleged Ms. Moody failed to exhaust her administrative remedies by not seeking a refund with the Internal Revenue Service prior to seeking relief in the court. In support of its motion, the government claimed it searched its records at the Internal Revenue Service's Special Procedures Branch for its Arkansas-Oklahoma district and found no indication Ms. Moody filed any claim for a refund.

In response to the government's motion, Ms. Moody asserted she completed five refund forms and mailed them to the Internal Revenue Service in Memphis, Tennessee. However, Ms. Moody admitted the refund claim she filed in support of her complaint contained no file stamp indicating the Internal Revenue Service

-2-

received it, and she received no response to her five refund requests.

The district court granted summary judgment to the government, finding Ms. Moody failed to demonstrate a genuine issue of material fact existed as to whether she filed a request for a refund with the Internal Revenue Service. Specifically, the district court found Ms. Moody failed to carry her burden under the summary judgment standard because she provided no documents indicating she actually mailed or filed refund requests. The district court made no explicit holding concerning Ms. Moody's failure to exhaust her administrative remedies or its jurisdiction over her claim.

Thereafter, Ms. Moody filed a motion to alter or amend the judgment, asserting she filed a refund request with the Internal Revenue Service, and attaching a "receipt for certified mail" showing receipt by the Internal Revenue Service of a document on November 3, 1997. The district court denied Ms. Moody's motion holding she did not present any new evidence or verification of her alleged refund claim sufficient to overcome the summary judgment decision.

On appeal, Ms. Moody suggests she resolved the jurisdictional issue by submitting proof, in the form of the "receipt for certified mail," which shows the

Internal Revenue Service received her claim for a refund. In addition, she contends the district court erred in granting the government's summary judgment motion without an evidentiary hearing, and in not granting her motion to amend or alter judgment.

In turn, the government renews its argument Ms. Moody did not exhaust her administrative remedies with the Internal Revenue Service prior to seeking a remedy in the courts. As a procedural matter, the government also explains it mistakenly premised its jurisdictional argument before the district court "as one for summary judgment, instead of one for dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure." It points out the distinction is important because a summary judgment dismissal is "with prejudice," while a dismissal based on Rule 12(b)(1) is "without prejudice," thereby allowing Ms. Moody to file a suit if she eventually meets the jurisdictional prerequisites.

As a preliminary matter, we must consider the procedural posture of this case. We acknowledge the government's request to convert the district court's decision to dismissal under Rule 12(b)(1). We agree dismissals under summary judgment are "with prejudice" and may preclude any subsequent action in the

district court. *Wheeler v. Hurdman*, 825 F.2d 257, 259 n. 5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987). Moreover, it is well established summary judgment is an inappropriate vehicle for raising a question concerning the subject matter jurisdiction of the court. *See Thompson v. United States*, 291 F.2d 67, 68 (10th Cir. 1961); 10A Charles Alan Wright, *et al.*, Federal Practice and Procedure § 2713, at 235 (3d ed. 1998). For these reasons, we agree the district court should have determined whether it had subject matter jurisdiction in this case under Rule 12(b)(1) prior to considering a motion for summary judgment. We review *de novo* decisions to dismiss under Rule 12(b)(1). *See SK Finance SA v. La Plata County*, 126 F.3d 1272, 1275 (10th Cir. 1997).

Keeping this in mind, we must next decide whether Ms. Moody met the jurisdictional requirement for filing her tax refund claim. The Internal Revenue Code provides no refund suit shall be maintained in federal court until a refund claim or request is filed with the Internal Revenue Service. *See True v. United States*, 190 F.3d 1165, 1171 (10th Cir. 1999) (relying on 26 U.S.C. § 7422(a)). Under this rule, if Ms. Moody does not adequately raise an issue at the administrative level, the courts possess no jurisdiction to consider the issue of a tax refund. *Id.* In meeting this prerequisite, Ms. Moody bears the burden of showing she filed her refund claim with the Internal Revenue Service. *Id.* Ms.

Moody establishes a presumption of filing if she shows she sent a refund request by certified or registered mail and presents a post office stamped receipt demonstrating that fact. *See* 26 C.F.R. § 301.7502-1(c)(2).

In this case, the district court correctly determined Ms. Moody initially provided no documents indicating she actually mailed or filed refund requests with the Internal Revenue Service. However, a careful review of the record establishes she later submitted, in her motion to amend or alter, a "receipt for certified mail" evidencing the Internal Revenue Service's receipt of a document on November 3, 1997. Nevertheless, even if this newly admitted document presumptively establishes she sent a refund request directly to the Internal Revenue Service, it is insufficient to overcome Ms. Moody's jurisdictional hurdle because she filed it well after she filed her district court complaint on January 27, 1997. Therefore, the district court lacked jurisdiction to consider her complaint as she did not adequately raise a claim at the administrative level prior to filing suit.[1] Because the pleadings make it apparent the district court lacked

---

[1] As it appears Ms. Moody filed a refund claim on or about November 3, 1997, we leave to the Internal Revenue Service the timely processing of her claim so she may proceed with a suit in the district court in the event her request is denied. Similarly, it appears her husband, George Moody, attempted to renew the same or similar refund claim in August 1998, which we leave to the Internal Revenue Service for appropriate processing.

jurisdiction, the district court did not err in failing to conduct a hearing or denying her motion to amend or alter her complaint. *Cf. Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) (holding exhaustion requirement, under the Federal Tort Claims Act, cannot be cured in an amended complaint as it "would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system").

While we are in accord with the district court's result, we nevertheless believe an order of dismissal "without prejudice" due to lack of jurisdiction is necessary in this case, rather than a summary judgment decision. *See Thompson*, 291 F.2d at 68; *see also Goff v. Hackett Stone Co.*, 185 F.3d 874, 1999 WL 397409 at *2 (10th Cir. Jun. 17, 1999) (unpublished opinion). Accordingly, the judgment of the district court is **VACATED** and the case **REMANDED** to the district court for entry of an order dismissing the case without prejudice.

Entered by the Court:

**WADE BRORBY**
United States Circuit Judge