**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 31 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GREGORY DEAN BOLIN;
DAVID GREGORY BOLIN,
by his parent and "next friend,"

Plaintiffs-Appellants,

v.

KATHERINE CHAVEZ; PETER
GARIN; THE LAW FIRM OF
STINER & BECK; WILLIAM
MEYER; JOHN DOE,

Defendants-Appellees.

No. 99-1342
(D.C. No. 99-Z-636)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **ANDERSON** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Gregory Dean Bolin appeals from the district court's dismissal of his claims for lack of subject matter jurisdiction. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.

**I.**

We take most of the following facts from Bolin's complaint. In 1993, Bolin and defendant-appellee Katherine Chavez divorced. As part of the divorce decree, a Colorado court awarded Bolin and Chavez joint custody of their son, David. At the time, Bolin was incarcerated. Shortly after he was released from prison in 1995, Bolin was arrested and charged with kidnapping, rape and murder. A jury convicted Bolin and sentenced him to death. *See Bolin v. State*, 960 P.2d 784 (Nev. 1998). Chavez filed a motion to modify the divorce decree to prevent Bolin from seeing David, but the court denied her motion.

In 1997, defendant-appellee William Meyer presided over a grandparent visitation rights hearing involving Bolin's son. At the hearing, Chavez informed Judge Meyer of Bolin's circumstances. Judge Meyer later denied without explanation Bolin's motion to have Chavez held in contempt for violating the divorce decree and soon thereafter entered an order terminating Bolin's parental rights. Bolin appealed from the order terminating his parental rights and the Colorado Court of Appeals reversed Judge Meyer's decision.

Bolin then filed suit in federal district court pro se and on behalf of David. Bolin alleged that Judge Meyer, Chavez, Chavez's attorney, and Chavez's boyfriend conspired to violate his right to familial association in violation of 28 U.S.C. § 1983. Bolin also claimed that Chavez intentionally caused him emotional distress in violation of state law. He sought compensatory and punitive damages for his § 1983 and intentional infliction of emotional distress claims. In addition, Bolin requested a declaratory judgment that defendants' actions violated 18 U.S.C. §§ 241 and 242, the criminal counterpart to civil suits brought pursuant to § 1983.

The district court dismissed Bolin's suit sua sponte under Fed. R. Civ. P. 12(h)(3) before process was served on defendants. The court held that Bolin lacked standing both to bring a cause of action on behalf of David[1] and to assert criminal claims against defendants. The court also held that it lacked subject matter jurisdiction over Bolin's remaining claims pursuant to the *Rooker-Feldman* doctrine. Bolin now appeals.

---

[1]Bolin does not challenge this ruling on appeal.

## II.

We review de novo a dismissal for lack of subject matter jurisdiction, accepting as true the complaint's factual allegations. *See Sac & Fox Nation of Okla. v. Cuomo*, 193 F.3d 1162, 1165 (10th Cir. 1999) (discussing dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)). Because Bolin is proceeding pro se, we construe his pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

## A.

On appeal, Bolin first contends that the district court had no authority to dismiss his case sua sponte under Rule 12(h)(3) because he paid his filing fees and process had not yet been served on defendants. Rule 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Thus, it is a court's "first duty" to determine if it has "jurisdiction to entertain and decide a case on its merits." *Thompson v. United States*, 291 F.2d 67, 68 (10th Cir. 1961). Indeed, a court must dismiss a suit at any stage of the proceedings if it becomes apparent that jurisdiction is lacking. *See Bradbury v. Dennis*, 310 F.2d 73, 74 (10th Cir. 1962).

We have never addressed the specific question of whether a district court may dismiss a suit for lack of subject matter jurisdiction under Rule 12(h)(3) even

before process has been served. However, we have held that a *sua sponte* dismissal under Fed. R. Civ. P. 12(b)(6) is proper when "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall*, 935 F.2d at 1110 (internal quotation marks and citation omitted). We hold that the same principle applies to a *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3).

In this case, the district court dismissed Bolin's suit because it concluded that, under the *Rooker-Feldman* doctrine, Bolin could not avoid dismissal even if he had the opportunity to amend his complaint. Thus, based on its legal conclusions, the district court had the authority to dismiss Bolin's suit for lack of subject matter jurisdiction.

**B.**

Bolin next claims that the district court improperly dismissed his declaratory judgment action because he was not seeking to enforce 18 U.S.C. §§ 241 and 242. The district court interpreted Bolin's declaratory judgment request as an attempt to invoke the authority of the United States attorneys under 28 U.S.C. § 547 to prosecute for offenses against the United States. Accordingly, the court dismissed Bolin's claim because private citizens cannot prosecute criminal actions. *See* R. Doc. 6, at 3. Bolin argues, and we agree, that he did not

improperly seek to prosecute defendants. Nevertheless, Bolin lacks standing to seek any kind of civil redress under §§ 241 and 242 because neither criminal statute provides for a private civil cause of action. Thus, the district court properly dismissed Bolin's declaratory judgment action.

## C.

Finally, Bolin argues that the *Rooker-Feldman* doctrine does not apply to the facts of his case. We agree. Under the *Rooker-Feldman* doctrine, a federal district court does not have jurisdiction to review a final state court judgment. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (citing, inter alia, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). A party that loses "in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). Any review of a state court judgment must "be addressed directly to the United States Supreme Court from the state's highest court pursuant to 28 U.S.C. § 1257." *Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

Thus, the *Rooker-Feldman* doctrine generally precludes a federal district court from reviewing "matters actually decided by a state court" and issuing "any declaratory relief that is inextricably intertwined with the state court judgment."

-6-

*Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998) (internal quotation marks and citations omitted). "[I]f the purpose of a federal action is separable from and collateral to a state court judgment, then the claim is not inextricably intertwined merely because the action necessitates some consideration of the merits of the state court judgment." *Id.* at 1170-71 (internal quotation marks omitted).

Here, the district court found that it could not assert subject matter jurisdiction over Bolin's § 1983 and emotional distress claims because Bolin was attacking Judge Meyer's rulings, and Bolin's federal suit was inextricably intertwined with his Colorado state court proceedings. However, a close examination of Bolin's complaint reveals that Bolin is neither asking the district court to review Judge Meyer's rulings nor requesting relief that is inextricably intertwined with a state court judgment.

Bolin's complaint acknowledges that the Colorado Court of Appeals reversed Judge Meyer's decision to terminate his parental rights. Bolin is not seeking federal review of this decision. Instead, Bolin relies upon the Colorado appellate order to support his § 1983 claim that Judge Meyer conspired with the other defendants to violate his constitutional right to familial association and his emotional distress claim against Chavez for violating the divorce decree.

While Bolin's federal suit may require some consideration of the merits of his state court proceedings, the purpose of his federal action is separate from and collateral to Judge Meyer's rulings and the Colorado Court of Appeals' decision. Thus, Bolin's federal suit is not inextricably intertwined with a state court judgment. We therefore hold that the *Rooker-Feldman* doctrine does not apply to the facts of Bolin's case, and the district court has subject matter jurisdiction over Bolin's § 1983 and intentional infliction of emotional distress claims. Accordingly, we reverse the district court's judgment dismissing these claims and remand for further proceedings consistent with this order and judgment, including immediate service of process. In so doing, we intend no comment on the merits of Bolin's claims. In all other respects, we affirm the district court's order.

Bolin's motion to supplement the record is **DENIED**.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Entered for the Court

Deanell Reece Tacha
Circuit Judge